# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

REBOTIX REPAIR LLC,

                       Plaintiff,

vs.

                                             Case No.:  8:20-cv-02274

INTUITIVE SURGICAL, INC.,

                       Defendant.

## Rebotix's Motion to Exclude Opinions of Defendant's Expert, Heather Rosecrans and Incorporated Supporting Memorandum of Law

Plaintiff Rebotix Repair respectfully requests the Court to enter an Order excluding the opinions of Intuitive's expert Heather Rosecrans. Ms. Rosecrans' opinions address an issue that is not properly before the Court. Her opinions are therefore irrelevant and would not assist the trier of fact.

## I.   Question presented.

A party cannot present expert testimony on an issue if, as a matter of law, that issue cannot be decided by a judge or jury. Intuitive seeks to offer testimony from Heather Rosecrans to address the issue of whether Rebotix's services violate FDA regulations. However, whether or not a company violates FDA regulations is not an issue that can be decided by a judge or jury. The issue can only be decided by the FDA. Should Ms. Rosecrans' testimony be excluded?

## II.   Introduction.

Rebotix seeks to exclude the opinions of Ms. Heather Rosecrans, whom Intuitive offers as an expert on the FDA regulatory process.

Intuitive has alleged—both through counterclaims and an affirmative defense to Rebotix's antitrust claims—that Rebotix violates FDA regulations by marketing its services without FDA clearance. In support of these allegations, Intuitive served two expert reports from Ms. Rosecrans (Exhibits 1 and 2). However, as demonstrated in the motion for summary judgment filed concurrently with this motion, the issue presented by Intuitive's claims (and supported by Ms. Rosecrans' testimony) is not an issue that is properly before

this Court.[1]  Proceeding with these claims would require the Court to "circumvent the FDA's exclusive enforcement authority" by making a "determination[] that the FDA … did not themselves make."  *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1199 (11th Cir. 2018) (internal quotations and citations omitted). Indeed, Intuitive has raised this issue with the FDA.  Ex. 7 (Curet letter).  And yesterday, November 16, 2021, the FDA wrote to Rebotix and confirmed that it has not made a determination.  Ex. 8 (letter from FDA requesting that Rebotix provide its position "on whether or not [it] is required to obtain FDA clearance").

When confronted with the same issue in the related *Restore* case, Judge Wetherell held:

> "[D]eciding this issue would require the Court to 'make determinations . . . more properly within the exclusive purview of the FDA' and to 'substitute its own judgment . . . for the FDA's judgment' such that Defendant's counterclaims [which mirror those asserted against Rebotix in this case] would be impermissibly 'premised on enforcement determinations that the FDA and other regulatory agencies did not themselves make.'"

*Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF, 2019 U.S. Dist. LEXIS 228086, at *2-3, *6 (N.D. Fla. Nov. 14, 2019) *quoting Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1199 (11th Cir. 2018) (dismissing Intuitive's counterclaims relating to FDA clearance).

The issue on which Ms. Rosecrans opines—whether Rebotix failed to

---

[1]    Because the core issue is the same, there is substantial overlap between this *Daubert* motion and Rebotix's summary judgment motion.  So that the record on each motion is complete, Rebotix includes the arguments in both motions rather than incorporate one into the other.

comply with FDA regulations by not obtaining premarket 510(k) clearance—is not properly part of this case.  Accordingly, Ms. Rosecrans' testimony is irrelevant to this case, will not assist the trier of fact, and should be excluded at *Daubert*.

### III.   Ms. Rosecrans' opinions.

Intuitive seeks to offer testimony from Ms. Rosecrans that Rebotix's services violate the FDCA and FDA regulations by not obtaining 510(k) premarket clearance for its services.  By way of example, her reports include sections entitled: "Usage Limits Cannot be Removed Without 510(k) Clearance;" "Rebotix Is a Manufacturer of a Medical Device (the Interceptor Board) and, "Without 510(k) Clearance, Is Selling a Device That Is Misbranded and Adulterated;" and "In the Alternative, Rebotix Was Required to Obtain 510(k) Clearance as A Remanufacturer."  Ex. 1 (Rosecrans Report), page 30, 39, 48.

Ms. Rosecrans explains that "[t]o develop opinions for this case, I referenced … the FDCA [and the] U.S. Code of Federal Regulations." Ex. 1 (Rosecrans Report), ¶72.  Throughout her reports, she opines on how the FDCA and the FDA's regulations should be interpreted to support her conclusions.  *Id.,* ¶89 (analyzing definition of "device" set forth in FDCA § 201(h) and 21 U.S.C. § 321(h) in support of her opinion that Rebotix's "Interceptor board is a 'device' as defined by the FDCA"); *id.,* ¶98 (analyzing "FDCA § 510(k)" and "21 C.F.R. § 807.81(a)" in support of her opinion that Rebotix's operations "fall[] under Section 510(k) and the relevant regulations"); *id.,* ¶108 (opining that "Rebotix required a 510(k)" because "Rebotix engaged in remanufacturing under 21 C.F.R.

Part 807").  Indeed, in her first report alone, Ms. Rosecrans includes 76 cites to the FDCA and 92 cites to the C.F.R regulations.[2, 3]

## IV.    Ms. Rosecrans' opinions must be excluded because they are not relevant to the claims and defenses that are properly before this Court.

### A.    Expert testimony must be excluded if not relevant to any claim or defense.

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is ... relevant."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).  "Expert testimony not relevant to any issue in the case and which would not assist the jury ha[s] to be excluded."  *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985).  And Rule 702 provides that an expert may testify only if "the expert's scientific, technical, or other specialized knowledge

---

[2]    Although not relevant to this *Daubert* motion, Ms. Rosecrans' opinions are also contrary to the consensus opinions held among FDA experts.  This was confirmed, for example, by an independent Deutsche Bank report that analyzed whether services that repair Intuitive's EndoWrists and overcome their maximum use restrictions require 510(k) clearance.  Ex. 4 (Deutsche Bank report).  The Deutsche Bank report was based on analysis by "four regulatory consultants with experience and expertise in the area of third party servicing medical devices," including a "Former staffer within the DCRF division of the FDA," a "Regulatory expert who has worked with various medtech companies in managing hundreds of 510(k) and PMA submissions over decades of industry experience," and "Two regulatory affairs personnel at large medtech companies with significant presence in device refurbishing/reprocessing."  *Id.* at Intuitive-00566059.  The report concluded that "510(k) clearance is not [] required for independent service organizations (ISOs) such as [Rebotix] in repairing limited-use da Vinci instruments for hospitals and returning them to the hospital for continued usage."  *Id.*

[3]    Rebotix also served an expert report from its own FDA expert, Larry Stevens, which details the reasons why Rebotix's services do not require FDA clearance and explains the flaws in Intuitive's and Ms. Rosecrans' analysis.  Ex. 3 (Stevens Report). Although the FDA issue is not properly before this Court, Rebotix offered the opinions from Mr. Stevens in an abundance of caution.  If this *Daubert* is granted, Rebotix will withdraw the corresponding opinions from Mr. Stevens.

will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Ms. Rosecrans' opinions fail at the first hurdle because they are not relevant to any issue in the case. As demonstrated below, whether Rebotix violated FDA regulations is not an issue that a judge or jury can decide. And Intuitive's FDA-based claims and defenses for which Intuitive seeks to rely on Ms. Rosecrans' opinions—Intuitive's Lanham Act claim, corresponding unfair competition and FDUTPA claims, and unclean hands affirmative defense— cannot proceed in district court.[4]

Moreover, because Ms. Rosecrans' opinions are not relevant to this case, their probative value is nonexistent and substantially outweighed by the danger of confusing or misleading the jury. *See United States v. Williams*, 865 F.3d 1328, 1338 (11th Cir. 2017) ("Federal Rule of Evidence 403 permits the exclusion of all testimony—expert or otherwise—if 'its probative value is substantially outweighed by danger of . . . confusing the issues [or] misleading the jury.").

### B. Only the FDA can make the determination of whether Rebotix's services are compliant with FDA regulation. A judge or jury cannot.

Whether a device or service runs afoul of FDA regulations that govern

---

[4]     Intuitive's counterclaims allege that Rebotix's communications to customers, which state that its services do not require clearance from the FDA under the applicable FDA regulations, are false. Dkt. # 60 (Intuitive's Answer and Counterclaims), ¶¶ 77-85, ¶¶86-88, ¶¶93-96. Intuitive relies on this same allegation as an affirmative defense to Rebotix's antitrust claims, alleging that "Plaintiff's claims are barred ... by the doctrine of unclean hands because Plaintiff has acted contrary to applicable FDA regulations." *Id.* at 24.

when FDA clearance is required is a determination that can only be made by the FDA.  That determination cannot be made by a judge or jury.

The "FDA is charged with the difficult task of regulating the marketing and distribution of medical devices" and private litigation of these regulations is "preempted by that scheme."  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001).  "The FDCA ... imposes a comprehensive set of requirements upon medical devices"—including when an entity "must make a new 510(k) submission" for FDA clearance—and the "FDA is charged with investigating potential violations."  *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).

Although "citizens may petition the FDA to take administrative action," "Section 337(a) of the FDCA bars private enforcement of the statute." *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).  As the Supreme Court has stated: "The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions: 'All such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States.'"  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001), *quoting* 21 U.S.C. § 337(a).

Claims alleging false statements (like a Lanham Act claim and the analogous state law claims asserted by Intuitive and supported by Ms. Rosecrans' opinions) are preempted by the FDCA when determining the falsity of those

statements would require the court, in the absence of a clear ruling from the FDA, to interpret FDA regulations concerning whether a device or service required FDA clearance.

When "resolving [a] claim under the Lanham Act would" "require a court to interpret or apply the FDCA to determine whether the marketing of [the product or service] was deceptive," this inquiry would necessarily "step on the FDCA's toes" and "circumvent the FDA's exclusive enforcement authority." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1199 (11th Cir. 2018) (internal quotations and citations omitted); *Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 230-32 (3rd Cir. 1990) (rejecting a false advertising claim because it required "interpretations of FDA regulations"); *see Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993) (rejecting false advertising claim) (a private litigant "is not empowered to enforce independently the FDCA" by bringing false advertising claim); *Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 305-07 (C.D. Cal. 1996) (deciding that failing "to disclose that [defendants'] ... Laser Systems are not approved by the FDA" was not actionable under the Lanham Act when "the FDA has not yet determined whether or not the ... devices need further approval").

The *PhotoMedex* case is particularly instructive. In that case, Plaintiff asserted claims alleging purportedly false marketing statements about the same type of FDA clearance at issue here, 510(k) clearance. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 926 (9th Cir. 2010). Plaintiff asserted that Defendant's statement

that its dermatological laser had been cleared by the FDA was false or misleading because there were "significant technological differences" between that laser and a previously FDA-cleared laser, "making a separate 510(k) submission necessary" under "21 C.F.R. § 807.81(a)(3)." *Id.* The Court dismissed the claims because it could not decide whether the statements are "false or misleading" without determining whether a "separate 510(k) was necessary," which would require the Court to "usurp the FDA's prerogative to enforce the FDCA and to decide [this issue] under the FDCA and its regulations." *Id.*

The facts before this Court mirror the facts in *PhotoMedex*. Intuitive asserts claims alleging that Rebotix's statement that its services do not require "clearance by the FDA" is "false or misleading" because Rebotix allegedly "chang[es] [EndoWrists'] intended use and their performance and safety specifications," which "requires a new 510(k) clearance" under "21 C.F.R. § 807.81(a)(3)." Dkt. #60 (Intuitive's Answer and Counterclaims), ¶¶78, 35, 46; Ex. 1 (Rosecrans report) ("Rebotix engaged in remanufacturing under 21 C.F.R. Part 807" because "Rebotix causes a significant change in the intended use of EndoWrist instruments."). Just as in *PhotoMedex*, determining whether Rebotix's statements were "false or misleading" requires a determination of whether a separate 510(k) was necessary "under the FDCA and its regulations," which is the prerogative of the FDA, not this Court. Accordingly, as in *PhotoMedex*, Intuitive's counterclaims based on FDA clearance cannot proceed in this Court.

Intuitive also seeks to introduce the FDA issue (and thus Ms. Rosecrans' supporting testimony) as a defense to Rebotix's antitrust claims. Intuitive alleges that "Plaintiff's claims are barred . . . by the doctrine of unclean hands because Plaintiff has acted contrary to applicable FDA regulations." Dkt. #60 (Intuitive's Answer and Counterclaims), page 24. This too is not permissible.

Affirmative defenses premised on purported violations of FDA regulations likewise fail as a matter of law when the FDA has not itself decided that issue. In such cases, a claim "for false advertising under the Lanham Act is similar to the unclean hands defense," and both "fail as a matter of law because no private right of action exists to redress alleged violations of the FDCA." *Inmuno Vital, Inc. v. Golden Sun, Inc.*, 49 F. Supp. 2d 1344, 1358-59 (S.D. Fla. 1997). Instead, redress of an allegation that a party "acted contrary to applicable FDA regulations" as alleged in Intuitive's unclean hands defense, Dkt. #60 at page 24, "lies exclusively within the federal government's domain, by way of either the FDA or the Department of Justice." *Inmuno*, 49 F. Supp. 2d at 1359.

      **C.**    **Judge Wetherell addressed the dispositive issue here and held that only the FDA can determine whether services like Rebotix's are compliant with FDA regulation.**

In the *Restore* case, Judge Wetherell addressed the dispositive issue in dispute here—whether a judge or jury can decide if services like Rebotix's require FDA clearance. Judge Wetherell ruled against Intuitive and held that such a determination cannot be made in a district court proceeding. *Restore Robotics,*

*LLC v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF, 2019 U.S. Dist. LEXIS 228086, at *2-3, *6 (N.D. Fla. Nov. 14, 2019).

Intuitive's claims against Restore, an EndoWrist repair company, who licensed Rebotix's technology, mirror Intuitive's claims against Rebotix. Intuitive asserts Lanham Act, unfair competition, and FDUPTA claims, alleging that Restore's EndoWrist services activities required 510(k) clearance from the FDA and Restore's statements to the contrary were false. *Id.* at *2-3, *6.

Judge Wetherell "agree[d] with" Restore that "any allegation that the 510(k) statement [to the FDA] is false is preempted by the Food, Drug, and Cosmetic Act (FDCA) because [t]he Lanham Act claim cannot require the court to interpret or apply the FDCA to determine whether clearance was required." *Id.* at *6 (internal quotations and citations omitted). "The FDA may decide that this statement is false, but the Court will not do so because it agrees with Plaintiffs that determining the truth or falsity of the statement would require it to 'make determinations . . . more properly within the exclusive purview of the FDA' and to 'substitute its own judgment . . . for the FDA's judgment' such that Defendant's counterclaims would be impermissibly 'premised on enforcement determinations that the FDA and other regulatory agencies did not themselves make.'" *Id.* at *6 (quoting *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1199 (11th Cir. 2018)).

Judge Wetherell therefore granted Restore's motion to dismiss Intuitive's Lanham Act claim, unfair competition, and FDUTPA claims to the extent those

claims are based on Restore's statements that its services do not require 510(k) clearance from the FDA.  *Id.* at 19.

> **D.   Intuitive agreed with, and adopted, Judge Wetherell's reasoning and holding that only the FDA can determine whether services like Rebotix's are compliant with FDA regulation.**

In another related case, Intuitive itself argued that false advertising claims, like those asserted here, must be dismissed to the extent they would require the Court "to interpret FDA regulation concerning whether [a] device … required a new FDA clearance" because that is a "role reserved for the FDA under the FDCA."  *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-03496-VC (N.D. Cal.) (Dkt. #37) (Ex. 5), *12.  In Intuitive's own words, "no false advertising claim may lie where '[t]esting the truth of [defendant's] claim would … require a court to usurp the FDA's prerogative to enforce the FDCA and decide whether, under the FDCA and its regulations,' a product or modification therefore would require additional [FDA] clearance."  *Id.*, *quoting PhotoMedex, Inc. v. Irwin*, 601 F.3d 919 (9th Cir. 2010).[5]

---

[5] After Rebotix filed this case, several hospitals filed lawsuits against Intuitive with allegations almost identical to those asserted in this case, in what is now a consolidated class action pending in the Northern District of California: *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-03496-VC (N.D. Cal.).  In addition to the antitrust claims asserted by Rebotix in this case, the hospitals in the class action alleged Lanham Act counterclaims based on Intuitive's false assertion that "use of EndoWrists beyond the counter limit is a violation of Intuitive's FDA clearances.*" Surgical Instrument Service Company, Inc. v. Intuitive Surgical*, Inc., No. 3:21-cv-03496-VC (N.D. Cal.) (Ex. 5), *12.  When faced with the flip-side of the false advertising claims Intuitive asserts in this claim, Intuitive correctly acknowledged that the "claim based in alleged misstatements concerning FDA clearance must be

What Intuitive told the California court it cannot do is precisely what Intuitive asks this Court to do with the admission of Ms. Rosecrans' testimony: to test the truth of Rebotix's claim that, under the FDCA and its regulations, its EndoWrist services do not require additional FDA clearance.

Moreover, in making this argument, Intuitive agreed with and adopted the holding of Judge Wetherell from the *Restore* case, the same holding that is dispositive of the claims that Ms. Rosecrans' testimony supports.  As Intuitive itself explained, "the same rationale [that] led to the dismissal of Intuitive's Lanham Act claim against Restore" applies because "the claim turns on establishing that it 'is incorrect' to inform customers' that certain ... services require new FDA clearances," and therefore the claim "must be dismissed." *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-03496-VC (N.D. Cal.) (Dkt. #57) (Ex. 6) at *9; *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-03496-VC (N.D. Cal.) (Dkt. #37) (Ex. 5) at *12.

Similarly here, Intuitive's claims turn on whether it was incorrect for Rebotix to inform customers that its "services do not require certification and clearance by the FDA."  Dkt. #60 (Counterclaims), ¶78.  Accordingly, Intuitive's claims cannot proceed before this Court.  And because Intuitive offers Ms. Rosecrans' testimony in support of claims that cannot be asserted, the testimony

---

dismissed." *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-03496-VC (N.D. Cal.) (Dkt. #57) (Ex. 6) at *9-10.

should be excluded.

### E.     Rebotix's statements concerning FDA clearance are non-actionable statements of opinion.

Ms. Rosecrans' opinions are irrelevant and cannot be used to support Intuitive's claims for another, independent reason.  "The Lanham Act [and analogous state law claims] regulate[] only representations of fact — statements that are capable of being proven false." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 889 F. Supp. 2d 1304, 1317 (M.D. Fla. 2012) (internal citations and quotations omitted).  They do not regulate "statements of opinion." *Id.*  And "[s]tatements by laypersons that purport to interpret the meaning of a statute or regulation are opinion statements, and not statements of fact, unless a court or agency of competent jurisdiction has clearly and unambiguously ruled on the matter." *Id.* (internal citations and quotations omitted).

The agency of competent jurisdiction here, the FDA, has not clearly and unambiguously ruled on whether Rebotix's services require FDA clearance.  Quite the opposite, just yesterday, on November 16, 2021, the FDA wrote to Rebotix and confirmed that it has <u>not</u> yet made a determination. Ex. 8 (FDA letter).  The FDA informed Rebotix that it "may" require clearance and requested information from Rebotix so that it could make that determination. *Id*.

Accordingly, statements from Rebotix that FDA clearance is not required cannot be the basis of the claims asserted by Intuitive.  And Ms. Rosecrans' testimony is therefore wholly irrelevant to the issues properly before this Court.

## V.     Conclusion.

Ms. Rosecrans' opinions are not relevant to the issues properly before this Court and should therefore be excluded under *Daubert*.

Date: November 17, 2021          Respectfully submitted,

*/s/ Richard Lyon*
Richard Lyon
California Bar No. 229288 (*pro hac vice*)
rick@dovel.com
Gregory S. Dovel
California Bar No. 135387 (*pro hac vice*)
greg@dovel.com
Alexander Erwig
California Bar No. 334151 (*pro hac vice*)
alexander@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
David L. Luikart III
Florida Bar No.: 21079
dave.luikart@hwhlaw.com
HILL WARD & HENDERSON, P.A.
101 East Kennedy Blvd.
Tampa, Florida 33602
Telephone: (813) 227-8419
Facsimile: (813) 221-2900

ATTORNEYS FOR PLAINTIFF
REBOTIX REPAIR LLC

**Certificate of Good Faith Conference**

Consistent with the Court's Case Management and Scheduling Order, ECF No. 36, Rebotix certifies that its counsel conferred by telephone with Defendant's counsel regarding this motion on November 15, 2021.  The conference did not resolve the issues raised in the motion.


Date: November 17, 2021                    Respectfully submitted,


*/s/ Richard Lyon*