UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>     Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>     Defendant/Counterclaim Plaintiff. | Civil Case No. 8:20-cv-2274-VMC-TGW |

### INTUITIVE SURGICAL, INC.'S MOTION TO FILE UNDER SEAL

Pursuant to Local Rule 1.11 and this Court's Endorsed Order regarding the Parties' Joint Motion to Seal (ECF No. 94 "Endorsed Order"), Defendant Intuitive Surgical, Inc. ("Intuitive") moves for leave to file under seal portions of memoranda of law and exhibits filed in support of the motions for summary judgment and *Daubert* motions identified in the Parties' Notices of Motion Filing ("Summary Judgment and *Daubert* Motions"). (ECF Nos. 95 and 96.)

### BACKGROUND

On November 15, 2021, Intuitive and Rebotix Repair LLC ("Rebotix") filed a joint motion seeking to temporarily file under seal their respective Summary Judgment and *Daubert* Motions and supporting exhibits. (ECF No. 93.) Most of the supporting exhibits had been designated confidential or highly confidential pursuant

to the Confidentiality Agreement in this case.  (ECF No. 54.)  On November 16, this Court entered an endorsed order permitting the memoranda and exhibits to be filed under seal temporarily and requiring that "[b]y December 1, 2021, the parties must file final, redacted versions of all motions and supporting documents on the public docket."  (ECF No. 94.)

Following the filing of their Summary Judgment and *Daubert* Motions, the Parties met and conferred to discuss filing public versions of their motions and supporting exhibits and to establish a procedure for maintaining under seal each Party's confidential information.  The Parties exchanged proposed redactions of the opposing Party's motions and supporting exhibits and agreed to file motions to seal their own confidential material cited in summary judgment and *Daubert* motions filed by either Party.

## **LEGAL STANDARD**

While the public has a right of access to court proceedings, this right is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  *See Connectus LLC v. Ampush Media, Inc.*, No. 8:15-CV-2778-T-33JSS, 2016 WL 7492463, at *1 (M.D. Fla. Dec. 30, 2016) (Covington, J.) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury."  *Id.* (citations and quotations omitted).  Such injury is established if disclosure would reveal "confidential and commercially

2

sensitive" information, *Stoneeagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-CV-2240-T-33MAP, 2015 WL 5735396, at *2 (M.D. Fla. Sept. 22, 2015) (Covington, J.) or confidential "business practices and strategies." *Malibu Media, LLC v. Weaver, No.*, No. 8:14-CV-1580-T-33TBM, 2016 WL 503071, at *1 (M.D. Fla. Feb. 9, 2016) (Covington, J.).

In the Middle District of Florida, Local Rule 1.1 requires the proponent of a motion to seal to include: (i) a description of the item proposed for sealing; (ii) the reason why filing each item is necessary; (iii) the reason why sealing each item is necessary; (iv) the reason why partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law.

## DISCUSSION

Consistent with the legal standard above, and as described further below, Intuitive seeks to seal the minimum amount of information necessary to protect its confidential and commercially sensitive information and business strategies. For information Intuitive moves to maintain under seal, good cause exists because disclosure will harm Intuitive for the reasons detailed below. Generally, the information Intuitive moves to maintain under seal includes highly sensitive device engineering and testing information and/or proprietary financial modeling information and hospital data. The disclosure of this information would harm Intuitive by revealing confidential business strategies and practices or other commercially sensitive information. Nearly all of the memoranda of law and the

vast majority of supporting exhibits that reflect information about Intuitive will be filed on the public record, and for those exhibits that do contain highly confidential information, redactions have been made wherever possible to limit the amount of information under seal. As a result, for all of the Exhibits listed below, Intuitive requests that the documents be sealed indefinitely, as the harm that would result from disclosure will continue to be applicable into the foreseeable future. Pursuant to Local Rule 1.11, a more detailed discussion of the information to be sealed follows below:

**Exhibit 13 to Rebotix's Motion for Summary Judgment.** Exhibit 13 is the complete deposition transcript of Glenn Vavoso, Intuitive's Senior Vice President and General Manager for Asia and Indirect Global Markets. While only short excerpts of Mr. Vavoso's testimony are cited in Rebotix's Motion, filing the full transcript is required under this Court's preferences for summary judgment motions. Intuitive has proposed redactions to the transcript covering only two short portions: Discussion of terms and conditions of employment agreements and a discussion related to a privileged document that had been inadvertently produced. These redactions are necessary to protect attorney-client privilege and competitively sensitive terms in Intuitive's employment agreements that could place Intuitive at a competitive disadvantage if made public. Intuitive has redacted Exhibit 13 rather than maintain the Exhibit as filed under seal.

**Exhibits 3 and 4 to Rebotix's Motion to Exclude Opinions of Dr. John Bomalaski, Exhibit 1 to Intuitive's Motion to Exclude the Opinions of Dr. T.**

4

**Kim Parnell and Exhibit 21 to Intuitive's Motion for Summary Judgment**: Exhibit 3 is the Report of Intuitive's expert, Dr. Robert Howe, and Exhibit 4, Exhibit 1, and Exhibit 21 are the Report of Rebotix's expert, Dr. T. Kim Parnell (attached as an exhibit to three separate motions).  Both experts offer mechanical engineering opinions relating to the EndoWrist Instruments ("EndoWrists").  These reports are cited and discussed in the parties' respective arguments regarding the experts' qualifications, and the Parnell Report is also cited and discussed in connection with Intuitive's motion to exclude his testimony and to establish details regarding Rebotix's EndoWrist "repair" process.  Intuitive has proposed redactions to these reports that are necessary to avoid disclosure of sensitive and proprietary Intuitive engineering, risk analysis, and instrument design assessments, which would cause Intuitive to suffer a competitive disadvantage.  Intuitive has proposed redactions to these Exhibits rather than maintain the Exhibits completely under seal as initially filed.

**Exhibit 7 to Rebotix's Motion to Exclude Opinions of Dr. John Bomalaski**. Exhibit 7 is an internal Intuitive White Paper entitled "Managing the Long Tail of da Vinci Si."  Excerpts of Exhibit 7 relating to hospital refurbishment were filed in support of Rebotix's Motion to Exclude Opinions of Dr. John Bomalaski.  Sealing Exhibit 7 is necessary because the Exhibit comprises market analysis and proprietary financial projections for how Intuitive will manage the future of da Vinci Si systems, which, if disclosed, would give competitors critical insight into Intuitive's strategic positioning that would cause competitive disadvantage.  Anything short of sealing

the entirety of Exhibit 7 would be insufficient because the entirety of Exhibit 7 comprises competitively sensitive and confidential information described above.

**Exhibit 3 to Intuitive's Motion for Summary Judgment**: Exhibit 3 is an internal Intuitive presentation entitled "Business Alignment Meeting." This document was filed to demonstrate how Intuitive positions its da Vinci platform as an integrated product. Intuitive has proposed redactions to Exhibit 3 only to the extent necessary to protect competitively sensitive financial modeling and underlying methodologies developed by Intuitive and to protect hospital surgical procedure data compiled and maintained as highly confidential by Intuitive. Intuitive has proposed redactions to Exhibit 3 rather than maintain it completely under seal as initially filed.

**Exhibit 4 to Intuitive's Motion for Summary Judgment**: Exhibit 4 is an internal Intuitive presentation entitled "da Vinci Surgery: Measuring Value." This document was filed to demonstrate how Intuitive positions its da Vinci platform as an integrated product. Intuitive has proposed redactions to Exhibit 4 only to the extent necessary to protect hospital surgical procedure and financial data compiled by Intuitive and which Intuitive maintains as highly confidential and only shares with the hospitals in question to help them understand the economics of da Vinci surgeries. Intuitive has proposed redactions to Exhibit 4 rather than maintain it completely under seal as initially filed.

**Exhibit 6 to Intuitive's Motion for Summary Judgment**: Exhibit 6 is a Sales, License and Service Agreement ("SLSA") for purchase of a da Vinci System. This document was filed to demonstrate standard SLSA terms and conditions. Intuitive

has proposed redactions to this Exhibit only to the extent necessary to prevent disclosure of the identity of the hospital and key financial terms negotiated between the hospital and Intuitive. Disclosure of these confidential terms would hamper Intuitive's ability to conduct arms-length negotiations with hospitals, and confidentiality of the hospital's information is required by Section 13 of the SLSA. Intuitive has proposed redactions to Exhibit 6 rather than maintain it completely under seal as initially filed.

**Exhibits 7-9 to Intuitive's Motion for Summary Judgment**: Exhibit 7 is Intuitive's IS3000 Clinical Risk Analysis, and Exhibits 8 and 9 are Intuitive's IS3000 Clinical and Marketing Validation Test Plan and Report. These Exhibits comprise evaluations of and methodology for testing the da Vinci Si platform. These Exhibits were filed to establish that Intuitive tests its da Vinci platform on a system-wide level. Sealing these documents and redacting portions of Intuitive's Motion citing and discussing those exhibits is necessary because the documents outline proprietary methodologies for evaluation and testing of da Vinci systems that are competitively sensitive and which, if disclosed, would give competitors insight into the operation, design, and testing of Intuitive's da Vinci system. Anything short of sealing the entirety of these Exhibits and redacting portions of Intuitive's Motion would be insufficient because the entirety of these Exhibits comprises highly sensitive and confidential information described above.

**Exhibit 10 to Intuitive's Motion for Summary Judgment**: Exhibit 10 is the Deposition Transcript of Bob DeSantis, Intuitive's Executive Vice President and

Chief Product Officer, and supporting exhibits. While only short excerpts of Mr. DeSantis's testimony are cited in Intuitive's Motion, filing the full transcript and exhibits is required under this Court's preferences for summary judgment motions. Mr. DeSantis's deposition transcript (along with the supporting exhibits) includes details of Intuitive's product design, engineering, and testing of the da Vinci system and EndoWrists. This information is competitively sensitive and proprietary, and if disclosed, would give competitors insight into the operation, design, and testing of Intuitive's da Vinci system—very little of which is relevant to Intuitive's Motion. Intuitive has excerpted portions of Mr. DeSantis's testimony that are relevant to its Motion to be filed publicly, while the remainder of the transcript and supporting exhibits are available for the Court's review under seal.

**Exhibit 16 to Intuitive's Motion for Summary Judgment**: Exhibit 16 is an excerpt of Intuitive's 2001 Premarket Notification for EndoWrists. This Exhibit was filed to establish how Intuitive's 510(k) submissions describe EndoWrists. Redacting this Exhibit is necessary because it contains proprietary device specifications, testing methodologies and data, device design drawings, and descriptions of the construction of EndoWrist that are competitively sensitive and which, if disclosed, would give competitors critical insight into the operation, design, and testing of Intuitive's EndoWrists. Intuitive has proposed redactions to Exhibit 16 rather than maintain it completely under seal as initially filed.

**Exhibit 18 to Intuitive's Motion for Summary Judgment**: Exhibit 18 consists of excerpts of Intuitive's Premarket Approval Application for the da Vinci

8

Endoscopic Instrument Control System and Endoscopic Instruments. This Exhibit was filed to establish that Intuitive's 510(k) submissions for EndoWrists repeatedly denote their use limits. Redacting this Exhibit is necessary because it contains proprietary device design information, including design drawings, for EndoWrists that are competitively sensitive and if disclosed, would give competitors critical insight into the operation, design, and testing of Intuitive's EndoWrists. Intuitive has proposed redactions to Exhibit 18 rather than maintain it completely under seal as initially filed.

**Third-Party Documents (Exhibits 11 and 12 to Intuitive's Motion for Summary Judgment and Exhibit 3 to Intuitive's Motion to Exclude the Opinions of Dr. T. Kim Parnell)**: These Exhibits were produced by third parties and designated as either confidential or highly confidential under the Confidentiality Agreement. The Exhibits were filed because they illustrate the sales practices of other manufacturers of robotic-assisted surgery systems (Exhibits 11 and 12) or to support Intuitive's motion to exclude Dr. Parnell (Exhibit 3). Intuitive has reached out to these third parties regarding their position on maintaining the Exhibits under seal, but it has not yet received a response, and given Intuitive's obligations under the Confidentiality Agreement, it seeks to maintain the Exhibits under seal and redact portions of its Motions citing those Exhibits. Means other than sealing are unavailable because the Exhibits have been designated in full as either confidential or highly confidential under the Protective Order.

9

DATED:  December 1, 2021                         Respectfully submitted,

                                                 /s/ Karen Lent

KAREN HOFFMAN LENT (*Pro Hac Vice*)              DAVID L. McGEE
MICHAEL H. MENITOVE (*Pro Hac Vice*)             Fla. Bar No. 220000
SKADDEN, ARPS, SLATE,                            BEGGS & LANE, RLLP
 MEAGHER & FLOM LLP                              501 Commendencia Street
One Manhattan West                               Pensacola, FL 32502
New York, NY 10001                               Telephone: (850) 432-2451
Tel: (212) 735-3000                              dlm@beggslane.com
karen.lent@skadden.com
michael.menitove@skadden.com                     ALLEN RUBY (*Pro Hac Vice*)
                                                 Attorney at Law
MICHAEL S. BAILEY (*Pro Hac Vice*)               15559 Union Ave. #138
1440 New York Avenue, N.W.                       Los Gatos, CA 95032
Washington, DC 20005                             Tel: (408) 477-9690
Tel: (202) 371-7000                              allen@allenruby.com
michael.bailey@skadden.com

*Counsel for Intuitive Surgical, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I caused the foregoing document to be served on the following counsel of record by email:

| | |
|---|---|
| Gregory Dovel | greg@dovel.com |
| Richard Lyon | rick@dovellaw.com |
| Alexander Erwig | alexander@dovel.com |
| David Luikart, III | dave.luikart@hwhlaw.com |

    /s/ Karen Lent
    KAREN HOFFMAN LENT (*Pro Hac Vice*)
    SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
    One Manhattan West
    New York, NY 10001
    Tel: (212) 735-3000
    karen.lent@skadden.com