IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant/Counterclaim Plaintiff. | Civil Case No. 8:20-cv-02274-VMC-TGW |

**INTUITIVE SURGICAL, INC.'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT OPINIONS OF GWEN MANDEL AND KURT HUMPHREY**

Pursuant to Local Rule 3.01(d), Intuitive Surgical, Inc. ("Intuitive") by and through its undersigned counsel hereby moves this Court for entry of an order granting Intuitive leave to file a reply brief of no more than three pages in further support of its Motion to Exclude the Expert Opinions of Gwen Mandel and Kurt Humphrey (ECF No. 113), and for such brief to be filed within seven days of a ruling on this motion. In support of this motion, Intuitive states as follows:

1. On November 17, 2021, in accordance with the Court's scheduling orders, Intuitive filed its Motion to Exclude the Expert Opinions of Gwen Mandel and Kurt Humphrey. (ECF No. 113.) In its motion, Intuitive asserts, *inter alia*, that Humphrey's opinions must be excluded as unreliable because he failed to rely on any

methodology to arrive at his conclusions. (*Id.* at 16-20.)

2. On December 8, 2021, Rebotix served its opposition to Intuitive's motion (the "Opposition") and attached as Exhibit 7 to its opposition a newly-authored declaration from Humphrey dated December 6, 2021 (the "Humphrey Declaration"). The Humphrey Declaration contains additional testimony and statements regarding the purported methodology he employed to perform his analysis that he "typically use[s] when performing technical analyses." (Humphrey Declaration ¶5.) These statements were not previously disclosed, including in his expert report or during his deposition. In its opposition, Rebotix relies on this portion of the Humphrey declaration to characterize his methodology as "accepted … in the field of cryptography," and as a "generally accepted method" where an expert "is not tasked with 'physically reverse-engineering' a product." (Opp. at 6.)

3. "The purposes of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *PK Studios, Inc. v. R.L.R. Investments, LLC*, No. 2:15-cv-389-FtM-99CM, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015). The Humphrey Declaration is new expert testimony that Intuitive did not have the opportunity to address in its opening brief. Accordingly, Intuitive respectfully requests the opportunity to address the Humphrey Declaration and Rebotix's characterization of the methodology described in the declaration in a


three-page reply to the Opposition.[1]

**WHEREFORE**, Intuitive respectfully requests that this Court grant Intuitive leave to file a reply brief in support of its Motion to Exclude the Expert Opinions of Gwen Mandel and Kurt Humphrey, not to exceed three (3) pages, to be served within seven (7) days of a ruling on this motion.

---

[1] In conferring with Rebotix concerning this motion, Rebotix offered to strike the portion of the Humphrey Declaration at issue and the relevant citation in the Opposition, arguing that this would eliminate the issue and that Intuitive already had an opportunity to challenge Humphrey's methodology in its opening brief.  But the only support for Rebotix's representations that Humphrey relied on an "accepted methodology" and a "generally accepted method" when not performing a physical reverse-engineering (Opp. at 6) is the new Humphrey declaration, and Intuitive could not previously address this argument because it was not found in the record.

## LOCAL RULE 3.01(G) CERTIFICATE OF COMPLIANCE WITH GOOD FAITH CONFERENCE

Consistent with the Court's Amended Case Management and Scheduling Order, ECF No. 90, Intuitive certifies that its counsel conferred by telephone with Plaintiff's counsel regarding this motion on December 17, 2021 and exchanged follow-up emails on December 17 and 18, 2021. The parties were unable to agree on the resolution of the motion.

DATED:  December 20, 2021

Respectfully submitted,

/s/ David McGee

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
MICHAEL W. FOLGER (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com
michael.folger@skadden.com

                MICHAEL S. BAILEY (*Pro Hac Vice*)
                1440 New York Avenue, N.W.
                Washington, DC 20005
                Tel: (202) 371-7000
                michael.bailey@skadden.com

                *Counsel for Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed via CM/ECF for electronic distribution to all counsel of record, this 20th day of December 2021.

/s/ David McGee
DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

*Counsel for Intuitive Surgical, Inc.*