IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>            Plaintiff,<br><br>vs.<br><br><br>INTUITIVE SURGICAL, INC.,<br><br><br>            Defendant. | Case No.: 8:20-cv-02274 |

**Rebotix's opposition to Intuitive's motion for leave to file a reply in support of its motion to exclude the expert opinions of Mandel and Humphrey**

Plaintiff Rebotix opposes Defendant Intuitive's motion for leave to file a reply brief in support of its motion to exclude the expert opinions of Mandel and Humphrey. Dkt. 113. A reply brief may be appropriate when "there is a new matter of law or fact argued" in the opposition brief, but not when a party "wants to argue [its] position on the facts [already] presented." *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 U.S. Dist. LEXIS 75346, at *5 (M.D. Fla. July 13, 2011). Here, Intuitive identified the purported new matter as two sentences in a declaration from Mr. Humphrey, and a single sentence in Rebotix's opposition that cites to the declaration. Although these sentences merely summarize opinions Mr. Humphrey provided in his report and explained in his deposition, Rebotix offered to delete these sentences and re-submit the declaration and its

1

opposition brief without them. This would have eliminated the purported "new matter" that Intuitive contended it needed a reply brief to address. But Intuitive refused Rebotix's offer. Because Intuitive has not identified any other new matter in Rebotix's opposition, it appears Intuitive merely seeks to argue its "position on the facts [already] presented" and therefore its request "fails to rise to the level required by the Local Rules to file a reply brief." *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 U.S. Dist. LEXIS 75346, at *5 (M.D. Fla. July 13, 2011). Below are the relevant facts:

1. Intuitive's counsel informed Rebotix's counsel via email on December 17, 2021, that it planned to file a motion for leave to file a reply in support of the motion to exclude the testimony of Humphrey and Mandel. On the following meet and confer call with Rebotix's counsel, Intuitive's counsel explained that the basis for this request was that the Humphrey Declaration contained new testimony that Intuitive did not have the opportunity to address in its initial motion. When asked whether there were any other bases, Intuitive's counsel did not identify any.

2. The Humphrey Declaration (attached as Exhibit 1) merely authenticated his expert report as his sworn testimony and provided the following paragraph summarizing Humphrey's methodology already contained in his report:

> "The methodology I employed to perform my technical analysis of Rebotix's reset of the X/Xi EndoWrist usage counter is a three-part analysis that I typically use when performing technical analyses. It involves considering (1) the security and encryption of the chip at issue, (2) whether techniques being used to access that chip comport with standard accepted techniques and (3) whether the party attempting to access the chip has experience with similar chips." (Humphrey

2

Declaration, ¶5).

3.      That declaration was cited once in Rebotix's opposition to Intuitive's motion to exclude Humphrey and Mandel's testimony, to support the following sentence:

> "That methodology involves considering technical documentation and reported results to evaluate (1) encryption and security measures present on a chip, (2) whether accepted techniques are being used to extract data from the chip, and (3) whether the party attempting to extract data has experience with similar chips.  Humphrey Declaration, ¶5."  Opp. at 6.

4.      To avoid dispute and to avoid burdening the Court, Rebotix's counsel offered to (1) strike paragraph 5 of the declaration, (2) strike the reference to the declaration in its opposition (leaving just the sentence), and (3) strike the single sentence that the declaration is used to support (even though that sentence stands alone as attorney argument without the supporting cite to the declaration).  These proposed solutions entirely eliminate any need for any additional briefing on the basis of purported "new matter" in Rebotix's opposition brief.

Date: December 20, 2021            Respectfully submitted,

                                   /s/  Alexander Erwig
                                   Alexander Erwig
                                   California Bar No. 334151 (*pro hac vice*)
                                   alexander@dovel.com
                                   201 Santa Monica Blvd., Suite 600
                                   Santa Monica, California 90401
                                   Telephone: (310) 656-7066
                                   COUNSEL FOR PLAINTIFF
                                   REBOTIX REPAIR LLC

Exhibit 1
Expert Declaration of Kurt Humphrey

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC, | |
| Plaintiff, | |
| vs. | Case No.: 8:20-cv-02274 |
| INTUITIVE SURGICAL, INC., | |
| Defendant. | |

**<u>Declaration of Kurt Humphrey</u>**

1

I, Kurt Humphrey, declare as follows:

1. I have been retained by counsel for Rebotix Repair, LLC to provide technical analysis and opinions in this case.

2. As part of my work, I submitted a July 26, 2021 report.

3. I understand that Rebotix is submitting my July 26, 2021 report in support of Rebotix's oppositions to motions filed by Intuitive.

4. I incorporate the opinions in my July 26, 2021 report by reference here as my sworn testimony. I am also prepared to testify to the opinions in my report at trial.

5. The methodology I employed to perform my technical analysis of Rebotix's reset of the X/Xi EndoWrist usage counter is a three-part analysis that I typically use when performing technical analyses. It involves considering (1) the security and encryption of the chip at issue, (2) whether techniques being used to access that chip comport with standard accepted techniques and (3) whether the party attempting to access the chip has experience with similar chips.

6. I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Signed on December 6, 2021.

By: *[signature]*
Kurt Humphrey
IP Enginuity LLC
Colorado Springs, CO

2