Exhibit 4

Deposition of J. Lawrence Stevens

Case 8:20-cv-02274-VMC-TGW   Document 143-5   Filed 01/04/22   Page 2 of 7 PageID 32218

J. Lawrence Stevens                                September 23, 2021
Rebotix Repair LLC v Intuitive Surgical, Inc.

Page 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Civil Case No. 8:20-cv-2274-T-33TGW

---

REBOTIX REPAIR LLC,

    Plaintiff,

  vs.

INTUITIVE SURGICAL, INC.,

    Defendant.

---

REMOTE VIDEOTAPED DEPOSITION OF

J. LAWRENCE STEVENS

Thursday, September 23, 2021

Court Reporter: Michelle M. Boudreaux-Phillips, RPR

```
 1   Covered [sic]."
 2        Q    "Materials Considered," right?
 3        A    Excuse me, "Materials Considered," yes.
 4        Q    How did you determine which materials to
 5   include in Exhibit 3?
 6             MR. LYON:  Objection, form.
 7             THE WITNESS:  The materials listed here
 8        are ones that I selected to be able to
 9        review.  I can't say with certainty that I
10        reviewed every document completely, but they
11        were all reference documents for me.
12        Q    (By Ms. Lent)  And did you at least review
13   each of the things listed in Exhibit 3 in part?
14             MR. LYON:  Objection, form.
15             THE WITNESS:  Oh, yes.  Yeah.
16        Q    (By Ms. Lent)  And did counsel for Rebotix
17   provide you with all of these materials cited in
18   Exhibit 3?
19        A    The -- some of the materials are materials
20   I'm aware of that are generally available, the laws and
21   the regulations.  The specific company documents were
22   provided to me by Mr. Lyon's office.
23        Q    Did you -- strike that.
24             So you testified that Mr. Lyon's office
25   provided you what you think were the set of materials
```

1      now, please.
2      Q   (By Ms. Lent)  The basis for your
3  understanding for how the usage counter works is -- you
4  think it's a conversation you had with Mr. Lyon?
5         MR. LYON:  Objection, form.  Misstates
6      prior testimony.
7         THE WITNESS:  Well, again, I know in the
8      sense of just the practical sense, that the
9      usage counter counts the number of uses and
10     that it's electronic and there was some way
11     that the system would assure that the user
12     knew that it was time to not use the device
13     anymore.
14     Q   (By Ms. Lent)  And do you know what that way
15 is that the system -- or sorry -- that the system would
16 assure that the user couldn't use the device anymore?
17     A   Again, I don't know specifically, but the
18 assumption was that somehow the system stopped it.
19     Q   Uh-huh.  Are you aware that it is an --
20 actually an integrated circuit inside the EndoWrist
21 instrument, the usage counter?
22     A   Again, I don't know the design specifically,
23 but that certainly would not be inconsistent with what
24 I believe, yeah.
25     Q   Have you ever heard of a Dallas chip?

Case 8:20-cv-02274-VMC-TGW   Document 143-5   Filed 01/04/22   Page 5 of 7 PageID 32221

J. Lawrence Stevens                                September 23, 2021
Rebotix Repair LLC v Intuitive Surgical, Inc.

Page 193

1   nonexempt device without 510(k) clearance or PMA
2   approval?
3       A    Again, I'm not -- that may be true.  I just
4   haven't researched that.
5       Q    Uh-huh.  But in paragraph 73, you criticize
6   Ms. Rosecrans for not considering your -- the
7   definition of "adulterated" that you offer, right?
8            MR. LYON:  Hold on.  Hold on, Larry.
9            Objection, form.  Misstates the document.
10           THE WITNESS:  Okay.  What I objected to
11       was Ms. Rosecrans' definition of the
12       interceptor board as a medical device that
13       required 510(k).  And that would
14       undoubtedly -- she may have used that term,
15       "adulterated."  I don't remember that, if she
16       used that or not.  But the fact is this is
17       not a device, the board is not a device, so
18       this is really a moot point other than just
19       for general discussion.
20      Q    (By Ms. Lent)  Why are you talking about the
21  word "adulterated" in your rebuttal report?
22           MR. LYON:  Objection, form.
23           THE WITNESS:  Again, it's kind of a
24       general thing that is talked about and
25       Ms. Rosecrans, in her report, I recall,

1  manufactured for them and they never sell it, there's a
2  question of whether or not FDA has jurisdiction over
3  it.
4           MR. LYON:  And I'd ask you if you're
5      asking him about particular language in his
6      report, that you provide him context of that
7      language and show him what you're looking
8      at.
9      Q    (By Ms. Lent)  In paragraph 89 of your
10 report, you refer to two of the 510(k) summaries for
11 Intuitive's EndoWrist.  Do you see that?
12     A    Yes.
13     Q    Do you have an understanding as to how the
14 FDA uses 510(k) summaries?
15     A    Yes, I do.
16     Q    And what is that?
17     A    Well, they -- when you submit a 510(k), one
18 of the elements in the 510(k) is your 510(k) summary.
19 The company prepares that summary and then when FDA
20 releases the letter authorizing the 510(k), they'll
21 release the summary with that.  So it's something that
22 the company prepares and includes in the 510(k) that
23 ultimately is provided to the public with the actual
24 510(k) letter.
25     Q    Does the FDA require companies to submit a

Case 8:20-cv-02274-VMC-TGW   Document 143-5   Filed 01/04/22   Page 7 of 7 PageID 32223

J. Lawrence Stevens                                September 23, 2021
Rebotix Repair LLC v Intuitive Surgical, Inc.

Page 196

```
1    510(k) summary?
2         A    Yes.
3         Q    In your report, you rely on Intuitive's
4    K965110 510(k) summary to support your opinion that
5    EndoWrist intended use to not include usage limits,
6    correct?
7         A    Yes.
8         Q    Okay.
9              MS. LENT:  Let's introduce as the next
10        exhibit Tab 42, please.
11             (Exhibit 10 marked for identification.)
12        Q    (By Ms. Lent)  Okay.  We've marked as Exhibit
13   10 a document bearing Intuitive 00691802.
14             Have you seen this document before,
15   Mr. Stevens?
16        A    I believe I have.  It looks familiar to me,
17   yes.
18        Q    Can we go to the page ending in Bates number
19   808, please.  Is this the 510(k) summary that you
20   relied on?
21        A    Yes.
22        Q    Can you look at -- take a look at the device
23   information section on this page and in particular
24   "Tradename."  Do you see that?
25        A    Right.
```