IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>       Defendant/Counterclaim Plaintiff. | Civil Case No. 8:20-cv-02274-VMC-TGW |

**INTUITIVE SURGICAL, INC.'S MOTION TO
STRIKE THE DECLARATION OF RICHARD LYON**

Pursuant to the Court's January 24, 2022 Order and Fed. R. Civ. P. 56(c)(2), Defendant and Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive") moves to strike the December 22, 2021 Declaration of Richard Lyon filed in support of Rebotix Repair LLC's ("Rebotix") motion for summary judgment (ECF No. 141-3) (the "Lyon Declaration").

At summary judgment, Intuitive established that Rebotix cannot meet its burden to prove that its business is lawful under FDA regulations.  (ECF No. 117 at 19-23; ECF No. 148 at 27; ECF No. 152 at 1-5.)  In its summary judgment reply brief, Rebotix attempts to show that FDA is undecided regarding the legality of Rebotix's business, arguing that FDA has "expressly confirmed . . . that it has not yet determined one way or the other whether Rebotix's services require 510(k) clearance."  (ECF No. 141 at 6.)  Rebotix's sole support for this assertion is the Lyon

Declaration, which purports to summarize a December 10, 2021 call between Mr. Lyon, Rebotix's counsel of record, and Dr. Anthony Lee from FDA. (ECF No. 141-3.) The Lyon Declaration purportedly paraphrases out-of-court statements made by Dr. Lee that "[a]fter Rebotix's March 2020 exchange with Dr. An and Dr. Virani, the FDA did not complete its review and did not make a decision one way or the other as to whether Rebotix's services require 510(k) clearance." (*Id.* at 1.) This and other statements attributed to Dr. Lee should be stricken for two reasons.[1]

*First*, the statements attributed to Dr. Lee are inadmissible hearsay. Rebotix is introducing the purported statements for the truth of the matter asserted—that FDA supposedly has not yet determined whether Rebotix's services require 510(k) clearance—and there is no apparent exception that would permit their admission into evidence. Although the statements purportedly were made by a government official, they are being offered through Mr. Lyon, and thus are not a "record or statement of a public office" that would qualify for the public records hearsay exception. *Mamani v. Sánchez Bustamente*, 968 F.3d 1216, 1241 (11th Cir. 2020) (citation omitted). Moreover, the public records hearsay exception only applies when (A) the statement sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report; or (iii) factual findings from a legally authorized

---

[1] Even if the statements attributed to Dr. Lee were considered at summary judgment—which, as inadmissible hearsay, they cannot be—at most, they suggest that FDA has not reached a final determination as to the legality of Rebotix's business, which is fatal to Rebotix's claims because uncertainty as to the legality of Rebotix's business would prevent Rebotix from meeting its burden to prove that its business was lawful.

2

investigation; and (B) the party opposing admission "does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). Nothing in the Lyon Declaration suggests that the statements purportedly made by Dr. Lee during an informal phone call initiated by Rebotix's counsel fall within the parameters of this exception. *See Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 144-47 (D. Mass. 1990) (holding that FDA official's notes of a telephone conversation with defendant's employee constituted inadmissible hearsay to which the public records exception did not apply).

Numerous aspects of the Lyon Declaration and the circumstances surrounding it indicate a lack of trustworthiness. The statements attributed to Dr. Lee are not being offered through records created in non-adversarial circumstances (e.g., through FDA ordinary course documents, Dr. Lee's notes, or an uninterested third party). *See St. Cyr v. Flying J. Inc.*, No. 3:06-cv-13-J-33TEM, 2007 WL 2492743, at *3-4 (M.D. Fla. Aug. 30, 2007) (Covington, J.) (finding that the public and business records hearsay exceptions apply to records "created in the normal course of business and in the absence of any known controversy or adversarial circumstances"). Rather, they are being offered through the self-serving declaration of Rebotix's counsel of record for the very purpose of the adversarial process. Moreover, the Lyon Declaration does not quote Dr. Lee or provide context for the statements. Instead, the Lyon Declaration, which is dated December 22, purportedly paraphrases statements that Dr. Lee supposedly made on a phone call *twelve days earlier* (December 10) for which no contemporaneous notes or other Rebotix documents

3

exist related to what was said during the call.² (Ex. 1.) Finally, Mr. Lyon's recounting of the call evinces a markedly different tone than FDA has taken in prior communications with Rebotix or its distributors, where FDA has stated that the business of installing the Interceptor requires 510(k) clearance or instructed Rebotix to explain why its business does not require such clearance. (ECF Nos. 117-29-32, 41-43; ECF No. 108-19.)

Because the statements ascribed to Dr. Lee are being offered for the truth of the matter asserted, and because Rebotix cannot meet its burden to show that the statements are admissible or can be reduced to admissible form at trial, they may not be considered on a motion for summary judgment and should be stricken. *Macuba v. Deboer*, 193 F. 3d 1316, 1322-25 (11th Cir. 1999); Fed. R. Civ. P. 56 advisory committee notes (2010); *Peeler v. KVH Indus., Inc.*, 2013 WL 3871420, at *8.

***Second***, the Lyon Declaration should be stricken for the additional reason that its consideration as evidence would place the testimony of Rebotix's counsel of record squarely at issue and create potentially serious evidentiary issues at trial. Rule 4-3.7 of the Florida Rules of Professional Conduct bars attorneys from serving as advocates at any trial in which the lawyer is likely to be a necessary witness on behalf of the client. Here, Rebotix is relying on Mr. Lyon to testify as to the substance of

---

² The lack of trustworthiness would also doom the admissibility of the statements under the residual hearsay exception. *See Peeler v. KVH Indus., Inc.*, No. 8:12-cv-1584-T-33TGW, 2013 WL 3871420, at *8-9 (M.D. Fla. July 25, 2013) (Covington, J.) ("Congress intended [Rule 807,] the residual hearsay exception[,] to be used very rarely, and only in exceptional circumstances.") (alterations in original) (quoting *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1248 (M.D. Fla. 2011)).

4

Dr. Lee's statements and clearly considers them to be material given their use at summary judgment.  *See Ly v. 2300 Chera Investors, LLC*, No. 6:18-cv-1274-Orl-40TBS, 2019 WL 2774301, at *3-4 (M.D. Fla. July 2, 2019) (holding that attorney's declaration offering material facts at summary judgment raises an issue under Rule 4-3.7 and precludes the attorney from serving as trial counsel).  When faced with similar circumstances, absent disqualification of counsel, courts have disregarded or stricken the attorney's declaration as improper and inadmissible.  *See Hubbard v. Willow Wood Nursing Ctr., Inc.*, No. 1:17-cv-03076, 2019 WL 8277248, at *5 (N.D. Ga. Dec. 30, 2019); *Coward v. Forestar Realty, Inc.*, No. 4:15-cv-0245-HLM, 2018 WL 1991049, at *2 (N.D. Ga. Feb. 20, 2018); *Mills v. Caruso*, No. 1:09-cv-249, 2010 WL 1254576, at *2 (W.D. Mich. Mar. 26, 2010).  The same result should occur here.

**WHEREFORE**, Intuitive respectfully requests that this Court grant Intuitive's Motion to Strike the Declaration of Richard Lyon.

DATED:  January 31, 2022

Respectfully submitted,

/s/ Karen Lent

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com
MICHAEL S. BAILEY (*Pro Hac Vice*)
Washington, DC 20005

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
Tel: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
Tel: (408) 477-9690
allen@allenruby.com

*Counsel for Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed via CM/ECF for electronic distribution to all counsel of record, this 31st day of January 2022.

/s/ Karen Lent
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com

*Counsel for Intuitive Surgical, Inc.*