**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | Case No.:  8:20-cv-02274 |

**Opposition to Intuitive Surgical, Inc.'s Motion to Strike the
Declaration of Richard Lyon**

In its summary judgment briefing, Rebotix demonstrated that Intuitive's arguments concerning FDA approval fail because antitrust standing does not require FDA clearance, Rebotix's services do not require FDA clearance, and the FDA is the only body able to make a determination that Rebotix's services are unlawful. ECF 147 at 13-17; ECF 141 at 5-6. The Lyon Declaration was submitted to inform the Court of a recent conversation with the FDA during which the FDA explicitly reconfirmed that it has not made such a determination.

Intuitive's motion to strike the Lyon Declaration disregards controlling Eleventh Circuit law and the factual record. We rebut Intuitive's arguments in turn.

(1) **Intuitive's "sole support" argument fails**. Intuitive claims that "Rebotix's sole support" for the assertion that the FDA has not yet determined whether Rebotix's services require a 510(k) is the Lyon Declaration. Mot. at 1-2. Intuitive's claim is belied by the record. Rebotix presented substantial evidence demonstrating that the FDA has not made a determination. *See* ECF 147, SOF ¶¶46-51 (detailing evidence that the FDA has not determined that Rebotix's services require 510(k) approval). Two examples illustrate that Intuitive's argument fails.

First, at Intuitive's urging, the FDA reached out to Rebotix in March of 2020 to investigate whether Rebotix's services require 510(k) clearance. ECF 108, SOF ¶3. The FDA asked Rebotix to provide, and Rebotix provided, its rationale for why it does not require a 510(k). *Id.* If, after reviewing the provided information, the FDA had concluded Rebotix requires a 510(k), the FDA would have issued a decision informing Rebotix of this determination and instructing Rebotix to cease

1

operations until it acquired 510(k) clearance. But this never happened. After Rebotix provided the requested information, the FDA never issued a decision indicating that Rebotix must acquire a 510(k). ECF 108, SOF ¶3.

Second, the FDA's subsequent letter in November 2021 further demonstrates that the FDA has not made a determination that Rebotix's services require 510(k) approval. Following up on the prior exchange, the FDA requested that Rebotix "provide … [t]he basis for [its] determination of whether or not [it] [is] required to obtain FDA clearance or approval." ECF 108, Ex. 19. Again, the letter did not request that Rebotix discontinue providing its services, did not inform Rebotix that it must obtain a 510(k), and did not indicate that Rebotix's services are illegal. It merely asked for more information so that the FDA can make a determination.

These communications from the FDA are compelling—indeed conclusive—evidence that the FDA has not determined that Rebotix's services require a 510(k). Far from being the "sole support" for the FDA's lack of a decision, the conversation with Dr. Lee summarized in the Lyon Declaration merely confirms what the other evidence in the record already shows.

(2) **Intuitive's hearsay argument fails**. Intuitive asserts that "the statements attributed to Dr. Lee" must be stricken because they are "inadmissible hearsay" that cannot "be reduced to admissible form at trial." Mot. at 2-4. Intuitive is wrong.

Intuitive's argument rests on the premise that for a hearsay statement to be reduced to an admissible form at trial (and thus be properly considered at summary judgment), the statement must fall within a hearsay exception. Intuitive then argues

that two hearsay exceptions do not apply.  Mot. at 2-4.  But the Eleventh Circuit has rejected the premise that a hearsay statement must fall within a hearsay exception to be capable of being reduced to admissible form at trial.

Although the Eleventh Circuit initially "considered hearsay evidence that could be reduced to an admissible form" to require that evidence fall within a hearsay exception, recent Eleventh Circuit cases "have broadened the concept." *Larweth v. Magellan Health*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 237193, at *55 (M.D. Fla. Dec. 17, 2019).  The Eleventh Circuit now allows "otherwise inadmissible hearsay to be considered on summary judgment in circumstances such as these—i.e., where the witness testifies as to what someone else told him for the truth of the matter asserted and where no hearsay exception exists—if the hearsay declarant is identified and could testify at trial, whether or not there is any evidence presented at summary judgment from the third party." *Id.*; *Brannon v. Finkelstein*, 754 F.3d 1269, 1276-77, n. 2 (11th Cir. 2014); *Coffman v. Battle*, 786 F. App'x 926, 934 (11th Cir. 2019).  "The line drawn by the Eleventh Circuit" is that statements are excluded only "where the third party is unknown or hypothetical or where the hearsay declarant has testified in contradiction to the hearsay." *Larweth*, 2019 U.S. Dist. LEXIS 237193, at *56.

Under the controlling standard, the statements in the Lyon Declaration can be reduced to an admissible form at trial and thus considered at summary judgment. The hearsay declarant—Dr. Lee—is identified in the declaration; there is no "unknown or hypothetical" declarant.  And Dr. Lee has provided no contradictory

3

testimony to the statements summarized in the Lyon Declaration. Because Dr. Lee is a known declarant who could testify at trial, Intuitive's hearsay argument fails.

(3) **Intuitive's "testimony of counsel" argument fails**. Intuitive claims that the Lyon Declaration should be stricken under Rule 4-3.7 because "its consideration as evidence would place the testimony of Rebotix's counsel of record squarely at issue." Mot. at 4. Intuitive is wrong. Mr. Lyon's offering of a declaration at the summary judgment stage does not implicate Rule 3.7 nor require that his declaration be struck.

First, Rebotix will not call Mr. Lyon to testify at trial, and "where the client does not intend to call his attorney as a witness, Rule 4-3.7 is not implicated." *3Lions Publ'g, Inc. v. Scriptnetics, LLC*, No. 8:14-cv-1210-T-30TBM, 2014 U.S. Dist. LEXIS 135461, at *4 (M.D. Fla. Sep. 25, 2014).

Second, Rule 4-3.7 can only apply to a "necessary witness," and Mr. Lyon is not a necessary witness. To demonstrate that a lawyer's testimony is "necessary … under Rule 3.7(a)," Intuitive "carries the burden of demonstrating that the lawyer's testimony is relevant to disputed, material question of fact and that there is no other evidence available to prove those facts." *Cromer v. Floyd Cty. Sch. Dist., Emp't Alls., LLC*, No. 4:17-CV-186-HLM-WEJ, 2018 U.S. Dist. LEXIS 233900, at *8 (N.D. Ga. Mar. 13, 2018). As discussed above, substantial additional evidence demonstrates that the FDA has not determined that Rebotix's services require 510(k) clearance. Mr. Lyon's testimony is therefore not necessary to prove this fact.

Moreover, a "lawyer is not a necessary witness when there are other witnesses

available to testify to the same information." *Blue Heron Beach Resort Developer, LLC v. Branch Banking & Tr. Co.*, No. 6:13-cv-372-Orl-19TBS, 2014 U.S. Dist. LEXIS 20427, at *9 (M.D. Fla. Feb. 19, 2014) (internal citation omitted). Here, two other witnesses can testify to the same relevant facts from the Lyon declaration. As discussed above, Dr. Lee himself can testify about the statements that he made, confirming that the FDA had not determined that Rebotix's services require a 510(k). And Rebotix Vice President Stan Hamilton, who is not a lawyer, can provide the same information as Mr. Lyon. After Rebotix submitted materials to the FDA via email, Mr. Lyon and Mr. Hamilton spoke with Dr. Lee to confirm receipt of those materials. Exhibit 1 (Declaration of Stan Hamilton), ¶4. Mr. Hamilton heard Dr. Lee repeat the same statements set forth in the Lyon Declaration: that the FDA is still considering Rebotix's services and has not yet made a determination that Rebotix's services require a 510(k). *Id.* ¶¶4-5.

Because Mr. Lyon is not a necessary witness, Rule 4-3.7 is inapplicable and does not provide a basis to strike Mr. Lyon's declaration.

| Date: February 4, 2022 | Respectfully submitted, |
|---|---|
| | */s/ Alexander Erwig* |
| | Alexander Erwig |
| | California Bar No. 334151 (*pro hac vice*) |
| | alexander@dovel.com |
| | DOVEL & LUNER, LLP |
| | 201 Santa Monica Blvd., Suite 600 |
| | Santa Monica, California 90401 |
| | Telephone: (310) 656-7066 |
| | COUNSEL FOR PLAINTIFF |
| | REBOTIX REPAIR LLC |

5