# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC, | |
|     Plaintiff, | |
| vs. | Case No.: 8:20-cv-02274 |
| INTUITIVE SURGICAL, INC., | |
|     Defendant. | |

**Rebotix's motion to stay pre-trial and trial deadlines pending decision from the FDA**

Plaintiff Rebotix requests that the Court stay pre-trial and trial deadlines pending the FDA's forthcoming decision on whether Rebotix's services are compliant with FDA regulations, i.e., whether its services require 510(k) clearance.

Whether Rebotix's services comply with FDA regulations is a disputed issue, at the core of both the claims and counterclaims asserted in this case. Intuitive argues at summary judgment, and will argue at trial, that Rebotix cannot "establish antitrust injury" because "Rebotix never obtained 510(k) clearance for its 'repair' process" and therefore "cannot affirmatively show that its business was legal." Dkt. 117 (Intuitive MSJ) at 19-20. And Rebotix seeks dismissal of "Intuitive's Lanham Act, unfair competition, and FDUTPA counterclaims" that "are based on Intuitive's allegations that Rebotix does not comply with FDA regulations." Dkt. 108 (Rebotix's MSJ) at 1.[1]

Rebotix recently learned that the FDA will decide this core issue and will issue a formal decision on whether Rebotix's services comply with FDA regulations. On January 13, 2022, at the request of the FDA, Rebotix "provide[d] … the basis for [Rebotix's] determination of whether or not [it is] required to

---

[1] Both parties have also submitted expert reports that address whether Rebotix requires 510(k) clearance. Dkt. 110, Exs. 1-3. Daubert motions challenging the FDA experts' testimony are pending before the Court. Dkt. 110, Dkt. 116.

1

obtain FDA clearance or approval." Dkt. 108, Ex. 18; Dkt. 161, Ex. A.  Last week, on a March 1, 2022, phone call with the FDA, the FDA informed Rebotix that it is in the process of analyzing whether or not Rebotix's services require 510(k) clearance, and that it will soon issue a written decision on the issue.  The FDA, however, could not commit to making this decision before the currently scheduled May 2022 trial term.

     Although Rebotix is eager to commence trial on its antitrust claims, a short stay pending the FDA's decision is merited.  First, the forthcoming FDA decision presents a substantial risk of inconsistent decisions.  For example, the jury could conclude that FDA regulations require Rebotix to seek 510(k) clearance, and then the FDA could enter a decision concluding the opposite: that its regulations do not require Rebotix to seek 510(k) clearance.  Second, determining whether Rebotix's services are FDA compliant requires a judge or jury to "make determinations . . . more properly within the exclusive purview of the FDA" and to "substitute [their] own judgment . . . for the FDA's judgment."  *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1199 (11th Cir. 2018); Dkt. 108; Dkt. 141.  The FDA is currently in the process of exercising its exclusive purview, and a stay will provide the Court and the jury with the FDA's judgment on the issue.  Accordingly, Rebotix respectfully asks the Court to stay pre-trial and trial proceedings pending the FDA's decision.

When Rebotix conferred with Intuitive about joining this motion, Intuitive expressed concern that this motion could delay summary judgment. This concern is unfounded. First, Rebotix does not seek to delay summary judgment on any grounds unrelated to the FDA decision. Second, the Court can and should deny Intuitive's FDA grounds for summary judgment based on the current record because antitrust standing does not require FDA clearance. Dkt. 147 at 13-15. Standing turns on intent and preparedness, and Rebotix intends and is prepared to obtain FDA clearance if the FDA determines it is required. *Id*. Third, the FDA's decision will provide an additional reason to reject Intuitive's FDA clearance argument. Intuitive's argument depends on the premise that Rebotix's services require FDA clearance, but the FDA may rule that Rebotix's services do not require FDA clearance.

Rebotix also requests that the Court order the parties to confer and submit a joint case management statement (1) within one week of the issuance of the FDA decision or (2) by June 15, 2022, if the FDA has not entered its decision by then.

**Certificate of Compliance with Local Rule 3.01(g)**

Rebotix's counsel certifies that it conferred by telephone with Intuitive's counsel regarding this motion on March 3, 2022; March 4, 2022; and March 8, 2022. The conferences did not resolve the issue raised in the motion for the reason set forth above.

**Certificate of Compliance with Local Rule 3.08**

Rebotix's counsel certifies that its client has reviewed this motion and consents to the requested relief.

Date: March 9, 2022                                     Respectfully submitted,

/s/ Richard Lyon
Richard Lyon
California Bar No. 229288 (*pro hac vice*)
rick@dovel.com
Gregory S. Dovel
California Bar No. 135387 (*pro hac vice*)
greg@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
David L. Luikart III
Florida Bar No.: 21079
dave.luikart@hwhlaw.com
HILL WARD & HENDERSON, P.A.
101 East Kennedy Blvd.

Tampa, Florida 33602
Telephone: (813) 227-8419
Facsimile: (813) 221-2900

ATTORNEYS FOR PLAINTIFF
REBOTIX REPAIR LLC