IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 8:20-cv-02274-VMC-TGW |

**INTUITIVE SURGICAL, INC.'S OPPOSITION TO MOTION TO STAY**

Defendant and Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive") respectfully submits this opposition to the motion to stay (ECF 162, the "Motion") filed by Plaintiff and Counterclaim Defendant Rebotix Repair LLC ("Rebotix").

For over six years, Rebotix disregarded the FDA's statements that its self-proclaimed "repair business" of circumventing FDA-cleared EndoWrist use limits requires 510(k) clearance.  Over 17 months ago, Rebotix doubled down by filing this antitrust action against Intuitive.  As the case nears trial, Rebotix now moves to stay this action indefinitely because it claims (without evidence) that the FDA "will soon issue a written decision" regarding "whether Rebotix's services comply with FDA regulations." (Mot. at 1-2.)  Rebotix's Motion should be denied for multiple independent reasons, including that:  (i) Rebotix cannot meet its burden to

demonstrate that a stay is "necessary to prevent manifest injustice," given that *Rebotix chose* to file this lawsuit while *under the cloud of the same FDA investigation* that remains pending; (ii) Rebotix's requested relief is contrary to the general proscription on indefinite stays; and (iii) the Motion is a transparent (and improper) attempt to avoid summary judgment dismissing Rebotix's claims because it cannot meet its burden to prove that its business was lawful.

*First*, Rebotix failed to meet its burden to demonstrate that a stay is "necessary to prevent manifest injustice," a standard that Rebotix tellingly does not reference. As stated in the Court's Amended Case Management and Scheduling Order, "[m]otions … to continue the trial are generally denied. The Court will grant an exception *only when necessary to prevent manifest injustice*." (ECF 90, Amended Case Management and Scheduling Order § II.B.1 (emphasis added).)

Here, Rebotix cannot establish that continuing to litigate during the pendency of the FDA's investigation would result in "manifest injustice." After all, Rebotix chose to litigate under the cloud of this very FDA investigation when it filed this lawsuit in September 2020. Just months earlier, in February 2020, Rebotix received an email from the FDA stating that the agency "believe[d] that a 510(k) [was] needed before [Rebotix] continue[s] your operation." (ECF 117-46.)[1] Even before February 2020, Rebotix was well aware of the FDA's position that Rebotix's business of

---

[1] According to a Rebotix executive, the FDA's "current investigation is part of the same ongoing review reflected in Rebotix's prior email exchange with" the FDA official who emailed Rebotix in February 2020. (ECF 161-1, Decl. of Stan Hamilton ¶4.)

2

extending the number of uses for EndoWrists requires 510(k) clearance.  In June 2018, one of Rebotix's distributors forwarded Rebotix an email in which the FDA stated that 510(k) clearance would be required "if the use-life counter [for EndoWrists] is reset or extended past the number of available use lives." (ECF 117-44 at BPI000335.)  In addition, Rebotix's predecessor company (Rebotix, LLC) applied for 510(k) clearance in 2014, only to abandon that application in 2015 after the FDA identified substantial deficiencies.  (ECF 117, Intuitive's Mot. for Summ. J. at 11-12.)  In connection with that failed application, the FDA repeatedly informed Rebotix, LLC that it could not market its technology used to circumvent use limits for EndoWrists (i.e., the same technology at issue in this case) without 510(k) clearance.  (ECF 117-34; ECF 117-32 at REBOTIX077547.)  Nevertheless, Rebotix flouted the FDA's repeated warnings when it launched its business in March 2019 and again when it filed this lawsuit in September 2020.  After years of disregarding the FDA's guidance, Rebotix cannot credibly argue that it would suffer "manifest injustice" absent a stay purportedly intended to allow the FDA to issue a formal decision as to whether Rebotix's business requires 510(k) clearance.

*Second*, Rebotix's requested stay is for an indefinite temporal period and, therefore, is impermissible.  As this Court has held, a stay that is "indefinite in scope … is … proscribed under established precedent." *United Rentals, Inc. v. Kimmins Contracting Corp.*, No. 8:08-cv-853-T-33TBM, 2009 WL 10671181, at *2 (M.D. Fla. Mar. 6, 2009) (Covington, J.) (citing *Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1265 (11th Cir. 2000) (indefinite stay of proceedings pending

3

resolution of related litigation was abuse of discretion)). Yet, Rebotix does not purport to specify a timeframe in which the FDA will render a decision regarding an investigation that has been pending for *over two years*. Rebotix claims that an FDA representative stated that the agency "will soon issue a written decision." (Mot. at 2.) But even assuming such a statement (for which Rebotix provides no evidence) actually was made, Rebotix concedes that the FDA "could not commit to making this decision before the currently scheduled May 2022 trial term." (*Id.*) In fact, Rebotix's Motion recognizes that the FDA's ruling may not be imminent at all, as its requested relief acknowledges that the agency's decision may not be rendered "by June 15, 2022." (*Id.* at 3.)

*Third*, Rebotix's Motion is a transparent attempt to avoid summary judgment dismissing its claims. At summary judgment, Intuitive demonstrated that given the FDA's repeated statements regarding the necessity of 510(k) clearance, and Rebotix's lack of evidence to the contrary (and lack of 510(k) clearance), Rebotix cannot meet its burden to prove that its business was lawful and, therefore, cannot establish antitrust injury. (ECF 117, Intuitive's Mot. for Summ. J. at 19-23; ECF 152, Reply in Supp. of Mot. for Summ. J. at 1-5.) Rebotix plainly seeks to prevent the Court from ruling on this issue. (*See* Mot. at 3 ("Rebotix does not seek to delay summary judgment on any grounds *unrelated to the FDA decision*." (emphasis added)).)

In this regard, Rebotix raises arguments opposing summary judgment that merely highlight the infirmity of its position. Specifically, Rebotix argues that "antitrust standing does not require FDA clearance." (*Id.*) But as a matter of law,

4

Rebotix cannot have suffered any cognizable damage if its business required 510(k) clearance—which it indisputably never obtained.  (ECF 152, Reply in Supp. of Mot. for Summ. J. at 2-3.)  Indeed, Judge Wetherell recently issued a decision stating that "the Court tends to agree with [Intuitive] that Plaintiffs will need to show that their [EndoWrist] repair work did not require 510(k) clearance in order to establish that their busines[s] was lawful and that any injury they suffered was caused by [Intuitive's] anticompetitive conduct rather than the FDA's regulatory requirements."  *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF, ECF 149, Slip. Op. at 10 (N.D. Fla. Feb. 7, 2022).  And while Rebotix argues that it "intends and is prepared to obtain FDA clearance if the FDA determines it is required" (Mot. at 3), there is no evidence to support this bare assertion that clearance could be easily obtained.  To the contrary, before Rebotix, LLC abandoned its 510(k) application in 2015, the company conceded the "magnitude of the [FDA's] deficiency letter" and how it "threaten[ed] the feasibility of moving forward."  (ECF 117-35 at REBOTIX171060.)

      Thus, for all these reasons, Intuitive respectfully requests that the Court deny Rebotix's Motion for an indefinite stay.

DATED:  March 14, 2022                    Respectfully submitted,

/s/ Karen Lent

| | |
|---|---|
| KAREN HOFFMAN LENT (*Pro Hac Vice*) | DAVID L. McGEE |
| MICHAEL H. MENITOVE (*Pro Hac Vice*) | Fla. Bar No. 220000 |
| SKADDEN, ARPS, SLATE, | BEGGS & LANE, RLLP |
|   MEAGHER & FLOM LLP | 501 Commendencia Street |
| One Manhattan West | Pensacola, FL 32502 |
| New York, NY 10001 | Telephone: (850) 432-2451 |
| Tel: (212) 735-3000 | dlm@beggslane.com |
| karen.lent@skadden.com | |
| michael.menitove@skadden.com | ALLEN RUBY (*Pro Hac Vice*) |
| | Attorney at Law |
| MICHAEL S. BAILEY (*Pro Hac Vice*) | 15559 Union Ave. #138 |
| SKADDEN, ARPS, SLATE, | Los Gatos, CA 95032 |
|   MEAGHER & FLOM LLP | Tel: (408) 477-9690 |
| 1440 New York Avenue, N.W. | allen@allenruby.com |
| Washington, DC 20005 | |
| Tel: (202) 371-7000 | |
| michael.bailey@skadden.com | |

*Counsel for Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that I caused the foregoing document to be served on the following counsel of record by email:

| | |
|---|---|
| Gregory Dovel | greg@dovel.com |
| Richard Lyon | rick@dovellaw.com |
| Alexander Erwig | alexander@dovel.com |
| David Luikart, III | dave.luikart@hwhlaw.com |

      /s/ Karen Lent
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com