IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>        Defendant. | Case No.: 8:20-cv-02274 |

**Joint Status Report Regarding FDA Decision**

Plaintiff/Counterclaim Defendant Rebotix Repair LLC ("Rebotix") and Defendant/Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive"), by and through undersigned counsel, respectfully submit this Joint Status Report Regarding FDA Decision pursuant to the Court's April 13, 2022 Order.

On April 8, 2022, Dr. Anthony Lee of the Food and Drug Administration ("FDA") informed Rebotix of FDA's decision that "the Agency believes that the activities of Rebotix constitute remanufacturing and would require FDA review and clearance (e.g. 510(k) / de Novo)." Ex. A at REBOTIX175706. The parties have different views on how this decision impacts the case and how the Court should proceed.

**Rebotix's position**

Rebotix is in the process of deciding whether it will seek supervisory review of the FDA's decision or proceed directly to the process of obtaining 510(k) clearance. Rebotix currently has a phone conference scheduled with the FDA for this Friday, May 6, where Rebotix expects it will receive additional information that will aid Rebotix's decision on how to proceed. Ex. A at REBOTIX175700. If Rebotix seeks supervisory review, the FDA should render a decision within 45 days of this request. Ex. B (FDA Guidance) at 9 ("the Center … strive[s] to meet the same timeframes for

1

non-517A decisions" like the decision at issue here, which is "within 45 days of the request for appeal").

In light of the foregoing, Rebotix requests that the stay remain in place for now and that Rebotix update the Court of further developments with the FDA at regular intervals to be set by the Court.

Moreover, regardless of the instant FDA proceedings, the Court can and should deny Intuitive's FDA grounds for summary judgment based on the current record. As demonstrated in the summary judgment briefing, a "finding of antitrust injury cannot be tied to the status of FDA approval." *In re Neurontin Antitrust Litig.*, 2009 U.S. Dist. LEXIS 77475, at *55 (D.N.J. Aug. 27, 2009); *Takeda Pharm. Co. v. Zydus Pharm. (USA) Inc.*, 358 F. Supp. 3d 389, 398 (D.N.J. 2018) (rejecting argument that "alleged injuries actually stem from … statutory framework as opposed to the instant dispute" when Plaintiff "failed to obtain … FDA approval"); Dkt. 147 at 13-15.

Instead, "all that is necessary is demonstration of intent and preparedness to enter a market." *Amgen, Inc. v. F. Hoffmann-La Roche*, Ltd., 480 F. Supp. 2d 462, 468 (D. Mass. 2007) (rejecting argument that "FDA approval is a necessary requisite to antitrust standing"); *Bristol-Myers Squibb Co. v. Ben Venue Labs.*, 90 F. Supp. 2d 540, 545 (D.N.J. 2000) (same); *Andrx Pharm., Inc. v. Biovail Corp. Int'l,* 256 F.3d 799, 807 (2001) (reversing dismissal of antitrust claims because standing turns on "intent and preparedness to enter the market," not FDA approval).

Moreover, Rebotix has at all times demonstrated intent, and taken preparations, to enter the market. *See* Dkt 147 at 5; 12-13. And if the additional step of FDA clearance is required, Rebotix intends to acquire, and will acquire, FDA clearance through a 510(k) application: a process that results in 85% of applications being approved. Dkt. 147 at 14. Indeed, most of the legwork has already been completed because Rebotix's predecessor prepared and submitted a 1,300-page 510(k) application to the FDA. *Id*. Accordingly, Rebotix has standing to pursue its antirust claim.

**Intuitive's position**

Intuitive opposes Rebotix's informal request to extend the stay in this case. Now that the FDA has rendered a decision confirming that Rebotix's EndoWrist remanufacturing business is, and always has been, illegal without 510(k) clearance, Rebotix seeks to further delay this case, contending it has not yet decided how to respond to the FDA's April 8, 2022 decision, let alone when that process is expected to conclude.[1] Rebotix's request to extend the stay for an indefinite period is impermissible. (ECF 164 at 3-4.) If Rebotix seeks a further stay of this case, it should be required to submit a proper motion establishing that such a stay is justified.

To be clear, Intuitive does not believe a further stay is warranted. The FDA's decision confirms that Rebotix needs, and always has needed, 510(k) clearance

---

[1] Indeed, as Rebotix concedes, because the decision Rebotix would be appealing is a non-517A decision, the relevant guidance only provides that FDA "does strive to" render a decision within 45 days, but "there is no statutory or regulatory obligation" for FDA to meet that deadline. *See* Ex. B (FDA Guidance) at 9.

3

before it could legally engage in its EndoWrist remanufacturing business. Because Rebotix does not have, and never has had, 510(k) clearance, its business is and was illegal, and it cannot meet its burden to prove antitrust injury. (*See* ECF 117 at 19-20, 21 (citing *In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class,* 868 F.3d 132, 163-65 (3d Cir. 2017); *In re Canadian Import Antitrust Litig.,* 470 F.3d 785, 791-92 (8th Cir. 2006); *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 309 F. Supp. 2d 1156, 1170 (N.D. Cal. 2004) *aff'd*, 158 F. App'x 807, 807 (9th Cir. 2005); *JEM Mktg., LLC v. Cellular Telecomms. Inds. Ass'n*, 308 N.J. Super. 160, 166 (N.J. App. Div. 1998)).)

Rebotix's arguments in this joint submission that "a finding of antitrust injury cannot be tied to the status of FDA approval" and "all that is necessary [to establish standing] is demonstration of intent and preparedness to enter a market" are meritless, as detailed in Intuitive's summary judgment reply brief. (ECF 152 at 2-3.) For these reasons alone, summary judgment should be granted dismissing Rebotix's claims.

Moreover, Rebotix cannot cure its standing deficiencies through actions—like filing a 510(k) application—taken after the filing of its Complaint. "[A]n antitrust plaintiff must possess antitrust standing on the date when it files its Complaint." *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2021 WL 3144711, at *10 (D. Kan. July 26, 2021). "'[T]he standing requirements in the antitrust context are more rigorous than that of the Constitution,'" *id.* (citation omitted), and the Eleventh Circuit has made clear that even "'Article III standing must be determined as of the time that the plaintiff's complaint is filed,'" such that a plaintiff

4

cannot "retroactively" cure a standing deficiency. *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217, 1219 (11th Cir. 2020) (citation omitted). Thus, Rebotix's contemplated submission of a 510(k) application—more than two-and-half years *after* its Complaint was filed—cannot cure its standing deficiencies.[2]

---

[2] In any event, there is no evidence to support Rebotix's suggestion that it could easily obtain 510(k) clearance "because Rebotix's predecessor prepared and submitted a 1,300 page 510(k) application to the FDA." To the contrary, the record establishes that Rebotix, LLC abandoned its 510(k) application in December 2015, *more than six years ago*, after conceding the "magnitude of the [FDA's] deficiency letter" and how it "threaten[ed] the feasibility of moving forward." (ECF 117-35 at REBOTIX171060.) Accordingly, Rebotix's ability to obtain 510(k) clearance using this abandoned application is entirely speculative and cannot create a triable fact dispute. (ECF 152 at 3 (citing *Meijer, Inc. v. Biovail Corp.,* 533 F.3d 857, 865 (D.C. Cir. 2008) (affirming summary judgment because "plaintiffs have not adduced evidence sufficient for a reasonable juror to find the FDA would have approved Andrx's ANDA in February 2001 but for Biovail's [alleged misconduct]"); *In re Terazosin Hydrochloride Antitrust Litg.,* 335 F. Supp. 2d 1336, 1368-69 (S.D. Fla. 2004) (because the generic drug "ha[d] not even received *tentative* FDA approval … [p]laintiffs cannot show a causal link between the alleged antitrust violation and the alleged antitrust injury of preventing generic entry")).)

Date: May 4, 2022                                    Respectfully submitted,


                                                    */s/ Richard Lyon*
                                                    Richard Lyon
                                                    California Bar No. 229288 (*pro hac vice*)
                                                    rick@dovel.com
                                                    Gregory S. Dovel
                                                    California Bar No. 135387 (*pro hac vice*)
                                                    greg@dovel.com
                                                    DOVEL & LUNER, LLP
                                                    201 Santa Monica Blvd., Suite 600
                                                    Santa Monica, California 90401
                                                    Telephone: (310) 656-7066
                                                    Facsimile: (310) 656-7069
                                                    David L. Luikart III
                                                    Florida Bar No.: 21079
                                                    dave.luikart@hwhlaw.com
                                                    HILL WARD & HENDERSON, P.A.
                                                    101 East Kennedy Blvd.
                                                    Tampa, Florida 33602
                                                    Telephone: (813) 227-8419
                                                    Facsimile: (813) 221-2900


                                                    ATTORNEYS FOR PLAINTIFF
                                                    REBOTIX REPAIR LLC

/s/ Karen Lent

| | |
|---|---|
| KAREN HOFFMAN LENT<br>(*Pro Hac Vice*)<br>MICHAEL H. MENITOVE<br>(*Pro Hac Vice*)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY 10001<br>Tel: (212) 735-3000<br>karen.lent@skadden.com<br>michael.menitove@skadden.com<br><br>MICHAEL S. BAILEY<br>(*Pro Hac Vice*)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005<br>Tel: (202) 371-7000<br>michael.bailey@skadden.com | DAVID L. McGEE<br>Fla. Bar No. 220000<br>BEGGS & LANE, RLLP<br>501 Commendencia Street<br>Pensacola, FL 32502<br>Telephone: (850) 432-2451<br>dlm@beggslane.com<br><br>ALLEN RUBY<br>(*Pro Hac Vice*)<br>Attorney at Law<br>15559 Union Ave. #138<br>Los Gatos, CA 95032<br>Tel: (408) 477-9690<br>allen@allenruby.com<br><br>SONYA D. WINNER<br>(*Pro Hac Vice*)<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>swinner@cov.com<br><br>ANDREW D. LAZEROW<br>(*Pro Hac Vice*)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>alazerow@cov.com |

*Counsel for Intuitive Surgical, Inc.*

7