IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REBOTIX REPAIR LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 8:20-cv-02274-VMC-TGW |

**INTUITIVE SURGICAL, INC.'S RESPONSE TO**
**REBOTIX REPAIR LLC'S NOTICE RE CLARIFICATION BY THE FDA**

Defendant/Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive") submits this response to the Notice re clarification by the FDA (ECF 180, the "Notice") filed by Plaintiff/Counterclaim Defendant Rebotix Repair LLC ("Rebotix").

Contrary to Rebotix's suggestion, the recent email from Dr. Anthony Lee of the FDA does not support denying Intuitive's motion for summary judgment. If anything, the FDA correspondence and Rebotix's Notice confirm that Intuitive's motion should be granted.

**I.   REBOTIX CANNOT MEET ITS BURDEN**
**TO PROVE THAT ITS BUSINESS WAS LAWFUL**

Dr. Lee's "clarification" does not change the fact that Rebotix cannot meet *its burden* to prove that its EndoWrist "repair" business was lawful—a prerequisite for

both antitrust injury and standing.[1] Less than five months after Rebotix moved to stay this case based on the significance of Dr. Lee's review and the "core issue" it would decide (ECF 162 at 1), Rebotix now seeks to diminish Dr. Lee's conclusion that Rebotix's business requires 510(k) clearance because it "does 'not represent the formal position of FDA.'" (Notice at 2.) But Dr. Lee's conclusion—following months of investigation—has not changed substantively, and even if it does not represent a "formal" FDA decision, it adds to the mountain of evidence—including the many other FDA statements that Rebotix's business needs 510(k) clearance (ECF 117 at 20-21)—that precludes Rebotix from meeting its burden to prove that its business was lawful (i.e., did not require FDA clearance, which Rebotix indisputably does not have). In fact, Rebotix's conduct further undermines its position: rather than ignore Dr. Lee's statement that Rebotix should not relaunch its business "until [a 510(k)] application is reviewed and cleared/granted" (ECF 180-1 at 3), Rebotix now concedes that it has chosen to *comply* with that directive.

Rebotix simply has no evidence to meet its burden. While Rebotix's Notice suggests that "its expert" will opine that Rebotix's business does not require 510(k) clearance (Notice at 2), Rebotix has *no affirmative expert* to provide that opinion. Rebotix initially designated Dr. Joshua Sharlin as its affirmative expert on 510(k)-clearance issues, but later withdrew him. While Rebotix subsequently designated

---

[1] At summary judgment, Intuitive cited several cases demonstrating that Rebotix bears the burden to prove its business was lawful. (ECF 117 at 19-20.) In opposition, Rebotix failed to cite *any decision* to the contrary.

Mr. J. Lawrence Stevens as a *rebuttal expert* on these issues, it is well established that a "[plaintiff] cannot rely on an expert designated solely as a rebuttal expert in its case-in-chief to avoid summary judgment." *Oakwood Ins. Co. v. N. Am. Risk Servs. Inc.*, No. 6:18-cv-437-Orl-31LRH, 2020 WL 10456817, at *4 (M.D. Fla. Sept. 22, 2020) (collecting cases).

Thus, on the question of whether Rebotix can lawfully operate its business without 510(k) clearance (a threshold issue on which Rebotix bears the burden of proof), there is *no evidence* supporting Rebotix's position and considerable evidence—including Rebotix's own announced plan to seek clearance—to the contrary. For this reason alone, Intuitive should be granted summary judgment.

Importantly, Rebotix's stated plan to submit a 510(k) application cannot cure the standing deficiencies that existed when this case was filed. "Article III standing must be determined *as of the time that the plaintiff's complaint is filed*'" and cannot be cured "retroactively." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217, 1219 (11th Cir. 2020) (emphasis added) (citation omitted). Antitrust standing, which is more rigorous than Article III standing, must exist "on the date when [plaintiff] files its Complaint." *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2021 WL 3144711, at *10 (D. Kan. July 26, 2021).

As the operator of an unlawful business, Rebotix lacked standing when it filed suit in September 2020, and its pledge (nearly two years later) to obtain 510(k) clearance cannot cure its lack of standing when this case was filed. Moreover, any suggestion that Rebotix will obtain 510(k) clearance at some indeterminate future

date based on an as-of-yet unfiled application with an unknown scope is too speculative to raise a triable fact dispute. (ECF 152 at 3.) There is *no evidence* as to what this hypothetical application will encompass (e.g., which specific EndoWrists, and how many permitted uses), let alone if—or when—it will obtain clearance.

## II.  THE *RESTORE* DECISION CANNOT SALVAGE REBOTIX'S CLAIMS

To the extent Rebotix now invokes the recent decision in *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (ECF 171) ("*Restore*"), Intuitive respectfully submits that *Restore* relies on inapposite case law focused on the unavailability of *in pari delicto* as an affirmative defense in antitrust cases (*see id.* at 6-8), and is contrary to both apposite case law cited by Intuitive (ECF 117 at 19-20) and authority in this district. *See In re Disposable Contact Lens Antitrust Litig.*, Nos. 3:00-94 MD 1030 et al., 2001 WL 203964, at *5 (M.D. Fla. Jan. 5, 2001) (if statutes "precluded the dispensing of contact lenses by alternative suppliers, the Court would have to agree that Plaintiffs [alleging that they could have purchased contact lenses from alternative suppliers] cannot meet their burden of proving injury in fact and therefore summary judgment would be appropriate").

*Restore* also is distinguishable because Restore allegedly has a 510(k) application pending on its behalf, and Judge Wetherell concluded that there is a fact dispute as to whether that application would have been cleared already but for Intuitive's alleged misconduct. *Restore* at 8. In contrast, Rebotix has no pending 510(k) application and *has never asserted* that Intuitive prevented or delayed Rebotix from obtaining FDA clearance. Rather, Rebotix has consistently maintained that

4

after its predecessor entity—Rebotix, LLC—unsuccessfully sought 510(k) clearance (abandoning its application in December 2015 after the FDA identified significant deficiencies (ECF 117 at 11-12)), ***Rebotix chose*** not to resubmit that application or otherwise seek FDA clearance because it purportedly determined that "its current business model does not require 510(k) clearance." (ECF 147 at 14-15.)  And while Rebotix's Notice repeats the assertion that 510(k) clearance is not required, its own planned actions, as well as repeated FDA statements, are to the contrary.

### III.   INTUITIVE IS ENTITLED TO SUMMARY JUDGMENT FOR OTHER INDEPENDENT REASONS

Rebotix disregards the other bases for summary judgment established in Intuitive's motion.  Specifically, Intuitive demonstrated that Rebotix cannot meet its burdens to define a relevant antitrust market in which competition has been harmed, or prove that Intuitive engaged in anticompetitive conduct.  (ECF 117 at 26-38.)

Date:  August 1, 2022            Respectfully submitted,

/s/ Karen Lent

KAREN HOFFMAN LENT
(*Pro Hac Vice*)
MICHAEL H. MENITOVE
(*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

ALLEN RUBY
(*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

SONYA D. WINNER
(*Pro Hac Vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
swinner@cov.com

ANDREW D. LAZEROW
(*Pro Hac Vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
alazerow@cov.com

*Counsel for Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that I caused the foregoing document to be served on the following counsel of record by email:

| | |
|---|---|
| Gregory Dovel | greg@dovel.com |
| Richard Lyon | rick@dovellaw.com |
| Alexander Erwig | alexander@dovel.com |
| David Luikart, III | dave.luikart@hwhlaw.com |

/s/ Karen Lent
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com